2020 IL App (1st) 152916-U

No. 1-15-2916

FIFTH DIVISION
SEPTEMBER 4, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 10 CR 16176 |
| | ) | |
| LUIS FERNANDEZ, | ) | Honorable |
| | ) | Arthur F. Hill Jr., |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Justices Connors and Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The summary dismissal of the defendant's *pro se* postconviction petition is reversed and the cause remanded for further proceedings because the petition presented an arguable claim of ineffective assistance of trial counsel.

¶ 2    Defendant Luis Fernandez appeals from the summary dismissal of his *pro se* petition for relief filed pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2014)). On appeal, the defendant contends that the circuit court of Cook County erred when it dismissed his petition because it presented an arguable claim that he was denied the effective assistance of

trial counsel. Specifically, the petition alleged that trial counsel failed to object to the use of a prior federal conviction to qualify the defendant for a life sentence under the Habitual Criminal Act (730 ILCS 5/5-4.5-95(a) (West 2010)) when that conviction did not have the same elements as a Class X offense under Illinois law. We reverse the judgment of the circuit court of Cook County and remand this matter for further proceedings pursuant to the Post-Conviction Hearing Act.

¶ 3                                    BACKGROUND

¶ 4      Following a jury trial, the defendant was found guilty of the delivery of 900 grams or more of a substance containing cocaine (720 ILCS 570/401(a)(2)(D) (West 2010)) and sentenced to life in prison.

¶ 5      At trial, Illinois state police officer Gutierrez testified that on August 3, 2010, he met with a confidential informant, the defendant, and co-offender Dani Quispe to discuss the sale of cocaine.[1] The defendant and Gutierrez then made further arrangements by telephone. On August 5, 2010, the defendant exited his vehicle near the intersection of Rockwell and Armitage in Chicago, the defendant was holding a plastic bag when he entered a vehicle in which Gutierrez and Quispe were sitting.,  The defendant gave the bag to Gutierrez. The defendant and Quispe were arrested.[2] After being advised of his *Miranda* rights, the defendant stated that Quispe paid him $500 to "bring out the cocaine." The contents of the bag tested positive for cocaine and weighed 1008.5 grams. The jury found the defendant guilty of the delivery of a controlled substance.

---

[1] Gutierrez's first name is not included in the report of proceedings.

[2] Quispe entered a plea of guilty to delivery of a controlled substance and was sentenced to 11 years in prison.

¶ 6 At sentencing, the State presented a certified copy of conviction for the defendant in case number 91 CR 28750 for the Class X offense of delivery of a controlled substance. The State also presented a certified copy of conviction in federal case number 99 CR 175 (federal conviction) for possession with intent to distribute heroin (21 U.S.C. § 841(a)(1) (1998)) and explained that in the federal case the defendant pleaded guilty after he was arrested in possession of approximately 800 grams of heroin. The State then called a witness to present "some live testimony" with regard to case number 91 CR 28750.

¶ 7 Retired Chicago police officer John Dugan testified that in October 1991 he was involved in an undercover operation during which the defendant and his cohorts delivered two kilograms of cocaine in exchange for $19,500. The defendant was arrested, pleaded guilty to delivery of between 400 and 900 grams of a controlled substance, and was sentenced to 12 years in prison.

¶ 8 The State entered a stipulation that Special Agent Tony Smith of the Drug Enforcement Administration would testify that he approached the defendant on March 10, 1999, to ask whether the defendant was smuggling contraband. A patdown of the defendant recovered 10 packets containing plastic-wrapped pellets of suspected heroin. Smith would further testify that he was present on October 28, 1999, when the defendant, through his attorney, pleaded guilty to possession with intent to deliver heroin in case number 99 CR 175 and was sentenced to 90 months in prison.

¶ 9 The State noted that the defendant's plea declaration in case number 99 CR 175 was included in the record and stated that the defendant understood the nature and elements of the offense and would enter a voluntary plea of guilty "because he is in fact guilty of the charge

contained in the indictment." After hearing argument, the trial court sentenced the defendant to life in prison.

¶ 10    On direct appeal, the defendant contended that (1) the federal conviction could not serve as a qualifying offense under the Habitual Criminal Act because it did not have the same elements as a Class X offense, (2) the Habitual Criminal Act violated the eighth amendment to the United States Constitution, (3) the Habitual Criminal Act, as applied, violated the proportionate penalties clause of the Illinois Constitution, and (4) he was denied the effective assistance of counsel when trial counsel failed to object to the use of the federal conviction as a qualifying offense under the Habitual Criminal Act.

¶ 11    In affirming the defendant's conviction and sentence, this court found, in pertinent part, that the federal conviction qualified as a predicate offense under the plain language of the Habitual Criminal Act. *People v. Fernandez*, 2014 IL App (1st) 120508, ¶¶ 11-32. In so doing, this court noted that the defendant failed to challenge at trial whether his federal conviction satisfied the requirements of the Habitual Criminal Act, and absent objection, the defendant forfeited review of this issue. *Id.* ¶¶ 13-14. We then concluded that even if the defendant had preserved the issue, the federal conviction would qualify as a predicate offense under the plain language of the Habitual Criminal Act. *Id.* ¶¶ 15-19.

¶ 12    Regarding the defendant's further contention that he was denied the effective assistance of counsel when trial counsel failed to object to the use of the federal conviction as a predicate offense, the appellate court noted that "the record [was] inadequate to evaluate [the] defendant's assertion that counsel's failure to challenge his sentence prejudiced him." *Id.* ¶¶ 33-34. This court then stated that nothing in the record showed that, had counsel objected to the use of the federal

conviction, there was a reasonable likelihood that the defendant's sentence would have been different and that nothing in the record indicated that the State would have failed to prove that the defendant possessed approximately 800 grams of heroin in 1999. *Id.* ¶ 34. Rather, the evidence at the sentencing hearing showed that the defendant admitted possession of approximately 800 grams of heroin in 1999, and the defendant "fail[ed] to suggest" any manner in which trial counsel could have undermined or challenged that evidence. *Id.* In the absence of any evidence to the contrary, the court presumed that trial counsel elected not to the challenge the use of the federal conviction because he could not reasonably do so. *Id.* The appellate court then stated that "our decision does not preclude defendant from bringing a challenge to his attorney's performance in a collateral proceeding should he have evidence that his attorney's failure to object *** prejudiced him." *Id.* ¶ 35. The court concluded, however, that based upon the record before it, counsel was not ineffective. *Id.*

¶ 13    In April 2015, the defendant filed a *pro se* postconviction petition alleging numerous sentencing errors and claims of ineffective assistance of trial and appellate counsel. He later amended the petition, in which he alleged, *inter alia*, that he was denied effective assistance of counsel due to trial counsel's failure to object to the federal conviction's use as a qualifying offense.

¶ 14    On June 25, 2015, in a written order, the circuit court summarily dismissed the petition as frivolous and patently without merit. In pertinent part, the court noted that the defendant's claim that he was denied effective assistance of counsel due to trial counsel's failure to object to the use of the federal conviction as a qualifying offense was raised and decided on direct appeal. The trial court noted that the defendant had not attached any new evidence to the postconviction petition

which would require reconsideration, and, therefore, his claims were barred by the doctrine of *res judicata.* The defendant appealed.

¶ 15                                    ANALYSIS

¶ 16    We note that we have jurisdiction to review this matter, as we allowed the defendant's late notice of appeal.  Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 17    On appeal, the defendant contends that the circuit court erred in dismissing his postconviction petition when it presented an arguable claim that he was denied the effective assistance of trial counsel. Specifically, the defendant contends that trial counsel was ineffective for failing to object to the use of the federal conviction as a qualifying factor him for sentencing under the Habitual Criminal Act because the conviction did not have the same elements as an offense classified as a Class X offense under Illinois law.  In particular, the defendant notes that the offense of possession with intent to deliver requires proof of the quantity and type of the contested substance, while the statute underlying his federal conviction does not.

¶ 18    The Post-Conviction Hearing Act provides a procedural mechanism through which a defendant may assert a substantial denial of his constitutional rights in the proceedings which resulted in his conviction. 725 ILCS 5/122-1 *et seq*. (West 2014). At the first stage of proceedings under the Post-Conviction Hearing Act, a defendant files a petition, which the circuit court independently reviews and, taking the allegations as true, determines whether it is frivolous or is patently without merit. *People v. Tate*, 2012 IL 112214, ¶ 9. A petition should be summarily dismissed as frivolous or patently without merit only when it has no arguable basis in either fact or law. *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). A petition lacks an arguable basis in fact or law when it "is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.*

at 16. Fanciful factual allegations are those which are "fantastic or delusional," and an indisputably meritless legal theory is one that is "completely contradicted by the record." *Id*. at 16-17. Importantly, when evaluating the factual allegations in a petition, the circuit court must take them as true and construe them liberally. *People v. Allen*, 2015 IL 113135, ¶ 25.

¶ 19    Because most petitions are drafted at the first stage by *pro se* defendants, the threshold for a petition to survive the first stage of postconviction review is low. *Id.* ¶ 24. While a defendant must provide some factual support for his claims to show that they are capable of corroboration, those facts need only state the gist of constitutional claim. *Id*. We review the summary dismissal of a postconviction petition *de novo*. *Hodges*, 234 Ill. 2d at 9.

¶ 20    In the case at bar, the defendant argues that trial counsel was ineffective for failing to object to the use of the federal conviction as a qualifying offense under the Habitual Criminal Act. To state a claim for ineffective assistance of counsel, a defendant must show both that counsel's performance was objectively unreasonable and that he was prejudiced as a result of counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In a first stage postconviction proceeding, a petition claiming ineffective assistance of counsel may not be summarily dismissed "if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17.

¶ 21    Before reaching the merits of defendant's argument on appeal, we must address the State's contention that defendant's claim is barred by *res judicata* because it was raised and decided on direct appeal. The State argues that on direct appeal, defendant contended that he was denied the effective assistance of counsel when trial counsel failed to object to the use of the federal

conviction as a predicate offense. The State argues that the defendant cannot now raise the same argument in a postconviction proceeding.

¶ 22    The purpose of a postconviction proceeding is to permit inquiry into constitutional issues that were not, and could not have been, adjudicated previously on direct appeal. *People v. English*, 2013 IL 112890, ¶ 22. Issues that were raised and decided on direct appeal are barred by *res judicata*, and issues that could have been raised on direct appeal, but were not, are forfeited. *Id.* However, the doctrines of *res judicata* and forfeiture are relaxed where fundamental fairness so requires, where the forfeiture stems from the ineffective assistance of appellate counsel, or where the facts relating to the issue do not appear on the face of the original appellate record. *Id*.

¶ 23    To be sure, the defendant argued on direct appeal that his trial counsel was ineffective for failing to object to the use of his federal conviction as a predicate offense.  However, we held that the record was inadequate to determine whether the defendant was prejudiced by this failure and suggested that the defendant could challenge his attorney's performance in a later, collateral proceeding if he had evidence of prejudice.  *Fernandez*, 2014 IL App (1st) 120508, ¶ 34.

¶ 24    While the defendant has not submitted any additional evidence of prejudice, the fact remains that this court on direct appeal held that the defendant forfeited consideration of the merits of that issue of whether the federal conviction was a qualifying offense under the Habitual Criminal Act. Thus, the merits of the issue underlying defendant's ineffective assistance of counsel claim were not considered on direct appeal, and, accordingly, the doctrine of *res judicata* does not apply in this postconviction proceeding. See *People v. Coleman*, 206 Ill. 2d 261, 277 (2002) (*res judicata* bars the consideration of issues decided on direct appeal).

¶ 25    Turning to the merits, at the first stage of proceedings under the Act, we must accept the factual allegations raised in the defendant's petition, as true. See *Hodges*, 234 Il. 2d at 10. Here, the record does not contradict the defendant's factual allegation that his trial counsel failed to object to the use of the federal conviction as a qualifying offense under the Illinois Habitual Criminal Act on the basis that it is unconstitutional to look beyond the elements of an offense to the underlying facts in order to determine whether the offense is equivalent to a Class X offense under Illinois law. Rather, the record shows that trial counsel did not challenge the use of the federal conviction at the defendant's sentencing.

¶ 26    Moreover, it is at least arguable that the defendant was denied the effective assistance of counsel by trial counsel's failure to challenge the use of the federal offense as a qualifying offense on the basis that it was unconstitutional to look beyond an offense's elements to the underlying facts to determine whether the offense was equivalent to a Class X offense. The United States Supreme Court suggested as much in *Descamps v. United States*, 570 U.S. 254, 269-70 (2013), where it held that a sentence enhancement that depended on a fact that had never been proved beyond a reasonable doubt carried a risk of running afoul of the Sixth Amendment of the United States Constitution.  Indeed, on direct appeal of this case, this court acknowledged that *Descamps* carried "some persuasive force." *Fernandez*, 2014 IL App (1st) 120508, ¶ 28.   Specifically, we explained that "to establish that defendant's federal conviction qualified under the Act, the State directed the court to look to defendant's plea declaration in his 1999 federal case, in which he admitted to possessing 800 grams of heroin," which "judicial fact-finding could run afoul of the sixth amendment, as any fact, other than a prior conviction, increasing the penalty for an offense

must be submitted to a jury and proved beyond a reasonable doubt." *Id.* (citing *Descamps*, 570 U.S. at 269)).

¶ 27    Accordingly, we conclude that the defendant's *pro se* postconviction petition, read with a lenient eye, states at least an arguable claim that trial counsel's performance fell below an objective standard of reasonableness based on his failure to challenge the use of the federal conviction as a qualifying offense under the Illinois Habitual Criminal Act. It is further arguable that counsel's alleged deficient performance prejudiced the defendant. To survive dismissal at the first stage of postconviction proceedings, a petition need only state the gist of a constitutional claim, which is a low threshold. See *Allen*, 2015 IL 113135, ¶ 24. Given this low bar, we conclude that the circuit court erred by dismissing the defendant's arguable claim of ineffective assistance of counsel at the first stage of the postconviction proceedings.

¶ 28    We therefore reverse the circuit court's summary dismissal of the defendant's *pro se* postconviction petition and remand the matter to the circuit court for further proceedings under the Act. Finally, we note that we take no position on the merits of the defendant's claim or his ability to prove that he was denied effective assistance of counsel. See *Tate*, 2012 IL 112214, ¶ 26.

¶ 29                                    CONCLUSION

¶ 30    For the reasons stated, we reverse the circuit court of Cook County's dismissal of the defendant's postconviction petition and remand the case for further proceedings consistent with this order.

¶ 31    Reversed and remanded.